UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---

CHRISTOPHER COLEMAN, on behalf of himself and others similarly situated,

   Plaintiff,

vs.

DIRECT RECOVERY SERVICES, LLC, and ELLE GUSMAN,

   Defendants.

Case No.:

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

---

## NATURE OF THE ACTION

1. Christopher Coleman ("Plaintiff"), by and through the undersigned counsel, sues Direct Recovery Services, LLC ("DRS") and Elle Gusman ("Gusman") (collectively, "Defendants"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Upon information and good faith belief, DRS routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent, while using an artificial or prerecorded voice to make those telephone calls.

3. Upon information and good faith belief, DRS routinely also violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

4. And, upon information and belief, Gusman personally authorizes and approves of Gusman's violative conduct, as both the owner and listed manager of DRS.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

6. Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Defendants transact business in this district.

## PARTIES

7. Plaintiff is a natural person who at all relevant times resided in Cairo, Illinois.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. DRS is a limited liability corporation headquartered in Two Harbors, Minnesota.

10. DRS is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. DRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. DRS touts its ability to provide "professional collection solutions" for third parties, enabling those creditors to "[f]ocus on your business, not on past due accounts."[1]

13. DRS is a member of the Association of Credit and Collection Professionals.[2]

14. Gusman is the owner and only listed manager of DRS.

15. Gusman resides in Two Harbors, Minnesota.

## FACTUAL ALLEGATIONS

16. Sometime between December 2018 and January 2019, DRS began placing calls to

---

[1]    https://www.directrecoveryservices.com/about.html (last visited January 6, 2020).

[2]    *Id.*

2

Plaintiff's cellular telephone number—(618) 534-XXXX.

17. DRS placed approximately fifteen calls to Plaintiff's cellular telephone number between December 2018 and October 2019.

18. In each of these telephone calls, DRS delivered an artificial or pre-recorded message seeking to speak to a "Wilma Williams" regarding an alleged debt.

19. In at least one of these artificial or pre-recorded messages, DRS requested that the called party call (678) 940-1318 or visit the website www.directrecoveryservices.com to submit a payment.

20. In early Spring 2019, after receiving several telephone calls from DRS, Plaintiff called DRS and left a voice message instructing DRS that it was calling a wrong number.

21. Shortly after leaving that voice message, Plaintiff placed a call to DRS and spoke to a live representative of DRS.

22. In that conversation, Plaintiff again instructed DRS that it was calling a wrong number, and instructed DRS to stop calling his telephone number.

23. Despite acknowledging that instruction, DRS continued to place telephone calls to Plaintiff's cellular telephone number.

24. After Plaintiff received yet another telephone call from DRS, Plaintiff responded to that call by following an IVR prompt to speak to an agent, and again spoke to a live representative of DRS.

25. In that conversation, Plaintiff once again instructed DRS that it was calling a wrong number, and instructed DRS to stop calling that telephone number.

26. Despite acknowledging that instruction, DRS continued to place telephone calls to Plaintiff's cellular telephone number until at least October 2019.

27. Upon information and good faith belief, and in light of the frequency, number, nature,

and character of the calls—including the use of an artificial or prerecorded voice—, DRS placed its telephone calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

28. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls—including the use of an artificial or prerecorded voice—, DRS placed its telephone calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

29. Upon information and good faith belief, and in light of the nature and character of the telephone calls at issue, the telephone calls were placed by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

30. Indeed, DRS has a permit with Public Utility Commission of Texas for the use of an Automatic Dial Announcing Device,[3] which the Commission defines as a "mechanism that sends an unsolicited recorded message to your home or workplace and could leave such a message on your answering machine."[4]

31. Upon information and belief, DRS placed its calls to Plaintiff's cellular telephone number in connection with its attempt to collect a consumer debt allegedly owed by another.

---

[3] *See* https://www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB1245736600001 (last visited January 7, 2020).

[4] *See* https://www.puc.texas.gov/industry/communications/business/adad/Adad.aspx (last visited January 7, 2020).

32. DRS placed its calls to Plaintiff's cellular telephone number in an effort reach someone other than Plaintiff.

33. Plaintiff is not, nor was, one of DRS's customers.

34. Plaintiff does not have, nor had, a business relationship with DRS.

35. Plaintiff did not provide DRS with his cellular telephone number.

36. Plaintiff did not give DRS prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

37. Upon information and good faith belief, DRS placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

38. Upon information and good faith belief, DRS placed its calls to Plaintiff's cellular telephone number voluntarily.

39. Upon information and good faith belief, DRS placed its calls to Plaintiff's cellular telephone number under its own free will.

40. Upon information and good faith belief, DRS had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

41. Upon information and good faith belief, DRS intended to use an automatic telephone dialing system to place the calls to Plaintiff's cellular telephone number.

42. Upon information and good faith belief, DRS maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

43. Plaintiff suffered actual harm as a result DRS's calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

44. Moreover, DRS's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

45. Upon information and good faith belief, DRS, as a matter of pattern and practice, uses

an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

46. Upon information and good faith belief, Gusman authorized DRS's use of an automatic telephone dialing system to place artificial or prerecorded telephone calls to telephone number (618) 534-XXXX.

47. Upon information and good faith belief, Gusman was and is involved in the development of DRS's practices and procedures as it pertains to DRS placing telephone calls to wrong number or wrong party telephone numbers.

48. Upon information and good faith belief, Gusman was and is involved in the development of DRS's practices and procedures as it pertains to DRS's use of an artificial or prerecorded voice to place telephone calls to cellular telephone numbers.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of himself and the classes of similarly situated individuals as defined below:

> *TCPA class*: All persons and entities throughout the United States (1) to whom Direct Recovery Services, LLC, placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.
>
> *FDCPA class*: All persons throughout the United States (1) to whom Direct Recovery Services, LLC, placed, or caused to be placed, calls, (2) within the one year preceding the date of this complaint, (3) and in connection with the collection of a consumer debt, (4) where the person called Direct Recovery Services, LLC was not the person alleged to owe the debt.

50. Excluded from the classes are Defendants, DRS's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

51. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

52. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

53. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

54. In addition, the classes are ascertainable because, upon information and belief, cellular telephone numbers, names, and addresses of the members of the classes can be identified in business records maintained by Defendants and by third parties.

55. There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

56. Plaintiff's claims are typical of the claims of the members of the classes.

57. As it did for all members of the classes, DRS used an automatic telephone dialing system, or an artificial or prerecorded voice, to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

58. And, as was the case for all members of the classes, Gusman directed and authorized DRS to use an automatic telephone dialing system, or an artificial or prerecorded voice, to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

59. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendants.

60. Plaintiff's claims are based on the same theory as are the claims of the members of the classes.

61. Plaintiff suffered the same injuries as each of the members of the classes.

62. Plaintiff will fairly and adequately protect the interests of the members of the classes.

63. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

64. Plaintiff will vigorously pursue the claims of the members of the classes.

65. Plaintiff has retained counsel experienced and competent in class action litigation.

66. Plaintiff's counsel will vigorously pursue this matter.

67. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

68. Questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

69. Issues of law and fact common to all members of the classes are:

   a. Defendants' violations of the TCPA;

   b. Defendants' violations of the FDCPA;

   c. DRS's use of an automatic telephone dialing system as defined by the TCPA;

   d. Gusman's knowledge of and authorization of DRS's conduct, pattern, and practice as it pertains to delivering automated telephone calls and telephone calls made with an artificial or prerecorded voice to cellular telephones;

   e. The availability of statutory penalties; and

   f. The availability of attorneys' fees and costs.

70. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

71. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

72. The pursuit of separate actions by individual members of the classes would, as a

practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

73. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

74. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

75. The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

76. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

77. There will be little difficulty in the management of this action as a class action.

78. Defendants have acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**COUNT I: VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

79. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

80. The TCPA reads, in relevant part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) by using any automatic telephone dialing system or an artificial or prerecorded voice—

\* \* \*

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

47 U.S.C. § 227(b)(1)(A)(iii).

81. DRS violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number without prior consent.

82. DRS additionally and separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice when it delivered messages to Plaintiff's cellular telephone number without prior consent.

83. Gusman is vicariously liable for DRS's violations of 47 U.S.C. § 227(b)(1)(A)(iii) because, on information and belief, she authorized DRS's conduct of using an automatic telephone dialing system to place telephone calls to Plaintiff's cellular telephone number without prior consent.

84. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the classes, are entitled to damages in an amount to be proven at trial.

### COUNT II: VIOLATION OF 15 U.S.C. § 1692d

85. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

86. Defendants caused Plaintiff's cellular telephone to ring repeatedly or continuously, with intent to annoy, abuse, or harass him, even after he informed Defendants that they were calling the wrong number.

87. As a result, Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

**COUNT III: VIOLATION OF 15 U.S.C. § 1692d(5)**

88. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

89. Defendants violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring repeatedly or continuously, and by engaging Plaintiff in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass him, even after he informed Defendants that they were calling the wrong number.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. §§ 1692d and 1692d(5);

a) Enjoining Defendants from continuing their violative behavior;

b) Awarding Plaintiff and the members of the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a);

c) Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(b)(3);

d) Awarding Plaintiff and the members of the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(1)(3);

e) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

  f) Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: January 29, 2020      Respectfully submitted,

               */s/ Alexander D. Kruzyk*
               Alexander D. Kruzyk
               GREENWALD DAVIDSON RADBIL PLLC
               1540 Congress Ave., Suite 1540
               Austin, TX 78701
               Telephone: 512.803.1578
               akruzyk@gdrlawfirm.com

               Counsel for Plaintiff and the proposed Classes